ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 1 1 2017

By: JAMES N. HATTEN, Clerk
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

    *v.*

BRIAN HERNANDEZ ACOSTA,
NILAGEO ALVAREZ ACOSTA
A/K/A "NILEYER", AND JAIME
ADAM RIANO

Criminal Indictment

No.   4 : 1 7 - C R - 0 0 6

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

(Conspiracy to Commit Sex Trafficking of a Minor)
(18 U.S.C. § 1594(c))

Beginning in or around November 2015, and continuing until on or about
December 29, 2016, in the Northern District of Georgia, and elsewhere, the
Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA,
also known as NILEYER, and JAIME ADAM RIANO, did, in and affecting
interstate commerce, knowingly and willfully combine, conspire, confederate,
agree, and have a tacit understanding to knowingly recruit, entice, harbor,
transport, provide, obtain, advertise, maintain, patronize, and solicit by any
means, at least one of the following persons, E.P., E.S., E.V., A.M., and L.H.,
knowing and in reckless disregard of the fact that means of force, threats of force,
fraud, and coercion, and any combination of such means, would be used to cause
at least one of the following persons, E.P. and A.M., to engage in a commercial
sex act, and knowing and in reckless disregard of the fact that at least one of the

following persons, E.P., E.S., E.V., A.M., and L.H., had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e), in violation of Title 18, United States Code, Sections 1591(a), (b)(1) and (b)(2).

<u>Overview of the Conspiracy</u>

As a part of the conspiracy:

1. On or about November 23, 2015, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to create an account on Backpage.com, a classified advertisement website, for the purpose of soliciting customers to engage in commercial sex acts with various persons;

2. Beginning in or around January 2016, and continuing through in or around December 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to communicate with minors and adults on Facebook.com, a social media website, for the purpose of enticing minors and adults to engage in commercial sex acts with various persons;

3. Beginning in or around January 2016, and continuing until in or around December 2016, Defendant BRIAN HERNANDEZ ACOSTA provided condoms, which had traveled in interstate and foreign commerce, to minors for the purpose of engaging in commercial sex acts with various persons;

4. Beginning in or around January 2016, and continuing until in or around December 2016, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO,

transported minors by car, including in a gray 2012 Volkswagen sedan and a white 2007 BMW SUV, for the purpose of prostitution. The Defendants also transported minors by car for the purpose of prostitution in rental vehicles from various commercial establishments, including Enterprise Rent-A-Car, a company that conducts business in interstate commerce;

5. Beginning on or about January 7, 2016, and continuing until in or around March 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.P. in the "Atlanta escorts" section of Backpage.com. The advertisements falsely stated that E.P. was 20 and 21 years of age, when in fact she was 17 years old;

6. On or about January 9, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.P. in the "Orlando escorts" section of Backpage.com. The advertisement falsely stated that E.P. was 20 years of age, when in fact she was 17 years old;

7. On or about January 13, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.P. in the "Tampa escorts" section of Backpage.com. The advertisement falsely stated that E.P. was 20 years of age, when in fact she was 17 years old;

8. Beginning in or around January 2016, and continuing until in or around December 2016, Defendant BRIAN HERNANDEZ ACOSTA assaulted E.P. to force E.P. to engage in commercial sex acts with various persons;

3

9. Beginning in or around January 2016, and continuing until in or around March 2016, when E.P. was 17 years old, Defendant BRIAN HERNANDEZ ACOSTA transported E.P. by car to locations in the Northern District of Georgia, including in the counties of Fulton, Cobb, DeKalb, Whitfield, Gwinnett, and Bartow, for the purpose of prostitution. Defendant BRIAN HERNANDEZ ACOSTA kept most of E.P.'s earnings from the commercial sex acts.  Defendant BRIAN HERNANDEZ ACOSTA used a cellular telephone to maintain contact with E.P. and prostitution customers throughout the time Defendant BRIAN HERNANDEZ ACOSTA caused E.P. to engage in commercial sex acts;

10. Beginning in or around January 2016, and continuing until in or around March 2016, when E.P. was 17 years old, Defendant BRIAN HERNANDEZ ACOSTA transported E.P. from the state of Georgia to locations in the states of Tennessee and Florida for the purpose of prostitution;

11. Beginning on or about February 5, 2016, and continuing until in or around May 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.S. in the "Northwest Georgia escorts" and "Atlanta escorts" sections of Backpage.com. The advertisements falsely stated that E.S. was named "Jazmin," and was 20 and 21 years of age, when in fact she was 17 years old;

12. In or around February 2016, Defendant BRIAN HERNANDEZ ACOSTA transported E.S. to a hotel in the Northern District of Georgia to engage in a

commercial sex act.  Defendant BRIAN HERNANDEZ ACOSTA was paid approximately $1000, of which he gave E.S. approximately $200;

13. On or about January 7, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.V. in the "Orlando escorts" section of Backpage.com. The advertisement falsely stated that E.V. was named "Rosa," and was 19 years of age, when in fact she was 16 years old;

14. On or about January 8, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of E.V. in the "Atlanta escorts" section of Backpage.com. The advertisements falsely stated that E.V. was 20 years of age, when in fact she was 16 years old;

15. In or around January 2016, Defendant BRIAN HERNANDEZ ACOSTA transported E.V. to a residence in the Northern District of Georgia to engage in a commercial sex act with a Dominican man. Defendant BRIAN HERNANDEZ ACOSTA was paid approximately $150 for this encounter and kept all of E.V.'s earnings from the commercial sex act;

16. On or about September 23, 2016, Defendants BRIAN HERNANDEZ ACOSTA and NILAGEO ALVAREZ ACOSTA, also known as NILEYER, transported A.M. by car from the state of Florida to the state of Georgia for the purpose of prostitution;

17. Beginning on or about October 7, 2016, and continuing through on or about December 23, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a

device connected to the internet to post photographs of A.M. in the "Atlanta escorts" and "Northwest Georgia escorts" sections of Backpage.com. The advertisements falsely stated that A.M. was 20 and 21 years of age, when in fact she was 16 years old;

18. Beginning in or around September 2016, and continuing until in or around November 2016, Defendant NILAGEO ALVAREZ ACOSTA, also known as NILEYER, struck A.M. to force A.M. to engage in a commercial sex act;

19. Beginning in or around September 2016 and continuing until in or around November 2016, Defendant NILAGEO ALVAREZ ACOSTA, also known as NILEYER, caused A.M. to become intoxicated on drugs while forcing her to engage in a commercial sex act;

20. Beginning in or around September 2016, and continuing until in or around December 2016, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO transported A.M. by car in the Northern District of Georgia for the purpose of prostitution. Defendant JAIME ADAM RIANO was paid for each trip made beginning in or around November 2016. Defendants BRIAN HERNANDEZ ACOSTA and NILAGEO ALVAREZ ACOSTA kept most of A.M.'s earnings from the commercial sex acts. The Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO used a cellular telephone to maintain contact with A.M. and prostitution

customers throughout the time they forced A.M. to engage in commercial sex acts;

21. On or about October 8, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of L.H. in the "Chattanooga escorts" section of Backpage.com. The advertisements falsely stated that L.H. was named "Bianca" and was 20 and 21 years of age, when in fact she was 17 years old;

22. Beginning on or about October 8, 2016, and continuing until on or about December 28, 2016, Defendant BRIAN HERNANDEZ ACOSTA used a device connected to the internet to post photographs of L.H. in the "Atlanta escorts" and "Northwest Georgia escorts" sections of Backpage.com. The advertisements falsely stated that L.H. was named "Bianca" and was 21 years of age, when in fact she was 17 years old;

23. Beginning in or around October 2016, and continuing until in or around December 2016, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO, transported L.H. by car in the Northern District of Georgia for the purpose of prostitution. Defendant JAIME ADAM RIANO was paid for each trip made beginning in or around November 2016. Defendants BRIAN HERNANDEZ ACOSTA and NILAGEO ALVAREZ ACOSTA, also known as NILEYER, kept some of L.H.'s earnings from the commercial sex acts.  The Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as

NILEYER, and JAIME ADAM RIANO used a cellular telephone to maintain

contact with L.H. and prostitution customers throughout the time they caused

L.H. to engage in commercial sex acts;

24. Defendant BRIAN HERNANDEZ ACOSTA used devices connected to the

internet to post other escort advertisements on Backpage.com for the purpose of

soliciting men to engage in commercial sex acts with adult women;

25. Defendant BRIAN HERNANDEZ ACOSTA used devices connected to the

internet to post escort advertisements on Backpage.com for the purpose of

soliciting men to engage in commercial sex acts with minors that would often

state "travel out of state on request;" and

26. The Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ

ACOSTA, also known as NILEYER, and JAIME ADAM RIANO, used a cellular

telephone to maintain contact with E.P., E.S., E.V., A.M., and L.H., and

prostitution customers throughout the time they caused E.P., E.S., E.V., A.M.,

and L.H. to engage in commercial sex acts.

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT TWO

### (Sex Trafficking of a Minor)
### (18 U.S.C. § 1591)

1.  The allegations set forth in the "Overview of the Conspiracy" section of

Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or about January 2016, and continuing through in or about

December 2016, in the Northern District of Georgia, and elsewhere, Defendant

8

BRIAN HERNANDEZ ACOSTA did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means E.P., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause E.P. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that E.P. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e).

All in violation of Title 18, United States Code, Sections 1591(a), (b)(1) and (b)(2).

## COUNT THREE
### (Transportation of a Minor for Prostitution)
### (18 U.S.C. § 2423(a))

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or around January 2016, and continuing through in or around March 2016, in the Northern District of Georgia, and elsewhere, Defendant BRIAN HERNANDEZ ACOSTA did knowingly transport in interstate commerce an individual, E.P., who had not yet attained the age of 18 years, with the intent that E.P. engage in prostitution.

All in violation of Title 18, United States Code, Section 2423(a).

9

## COUNT FOUR

### (Sex Trafficking of a Minor)
### (18 U.S.C. § 1591)

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or around January 2016, and continuing through in or around May 2016, in the Northern District of Georgia, and elsewhere, Defendant BRIAN HERNANDEZ ACOSTA, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means E.S., knowing and in reckless disregard of the fact that E.S. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e).

All in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

## COUNT FIVE

### (Sex Trafficking of a Minor)
### (18 U.S.C. § 1591)

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or around January 2016, and continuing through in or around February 2016, in the Northern District of Georgia, and elsewhere, Defendant BRIAN HERNANDEZ ACOSTA did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means E.V., knowing and in reckless disregard of the fact that E.V. had not yet attained the age of 18 years and would be caused to

10

engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e).

All in violation of Title 18, United States Code, Sections 1591(a) and (b)(2).

## COUNT SIX

### (Sex Trafficking of a Minor)
### (18 U.S.C. § 1591)

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or around September 2016, and continuing through in or around December 2016, in the Northern District of Georgia, and elsewhere, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO, aided and abetted by one another, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means A.M., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause A.M. to engage in a commercial sex act, and knowing and in reckless disregard of the fact that A.M. had not yet attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e).

All in violation of Title 18, United States Code, Sections 1591(a), (b)(1) and (b)(2), and Section 2.

COUNT SEVEN

(Transportation of a Minor for Prostitution)
(18 U.S.C. § 2423(a))

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  On or about September 23, 2016, in the Northern District of Georgia, and elsewhere, Defendants BRIAN HERNANDEZ ACOSTA and NILAGEO ALVAREZ ACOSTA, also known as NILEYER, aided and abetted by each other, did knowingly transport in interstate commerce an individual, A.M., who had not yet attained the age of 18 years, with the intent that A.M. engage in prostitution.

All in violation of Title 18, United States Code, Section 2423(a), and Section 2.

COUNT EIGHT

(Sex Trafficking of a Minor)
(18 U.S.C. § 1591)

1.  The allegations set forth in the "Overview of the Conspiracy" section of Count One are re-alleged and incorporated herein by reference.

2.  Beginning in or around October 2016, and continuing through in or around December 2016, in the Northern District of Georgia, and elsewhere, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, also known as NILEYER, and JAIME ADAM RIANO, aided and abetted by one another, did, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means L.H., knowing and in reckless disregard of the fact that L.H. had not yet

12

attained the age of 18 years and would be caused to engage in a commercial sex act, as defined in Title 18, United States Code, Section 1591(e).

All in violation of Title 18, United States Code, Sections 1591(a) and (b)(2), and Section 2.

### FORFEITURE PROVISION

As a result of committing one or more of the offenses alleged in Counts One, Two, Four, Five, Six, and Eight of this Indictment, the Defendants, BRIAN HERNANDEZ ACOSTA, NILAGEO ALVAREZ ACOSTA, and JAIME ADAM RIANO, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said violations, and any and all property involved in, used, or intended to be used to commit or to facilitate the commission of the violations alleged in Counts One, Two, Four, Five, Six and Eight of this Indictment, including, but not limited to, the following:

(a) MONEY JUDGMENT:  A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted.

(b) VEHICLES:

(1) a Gray 2012 Volkswagen CC, VIN WVWMN7AN2CE534856; and

(2) a White 2007 BMW X3, VIN WBXPC93407WF01847.

Upon conviction of the offenses alleged in Counts Three and Seven of this Indictment, Defendants BRIAN HERNANDEZ ACOSTA and NILAGEO ALVAREZ ACOSTA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real or personal, constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said violations, and any and all property used or intended to be used to commit or to facilitate the commission of the violations alleged in Counts Three and Seven of this Indictment, including but not limited to: a sum of money representing the amount of proceeds obtained as a result of the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A _____ *True* _____ BILL

_____
FOREPERSON

JOHN A. HORN
*United States Attorney*

SUZETTE A. SMIKLE
*Assistant United States Attorney*
Georgia Bar No. 931142

DASHENE A. COOPER
*Assistant United States Attorney*
Georgia Bar No. 385738
600 U.S. Courthouse
75 Ted Turner Drive, SW; Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

15