IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| United States of America | |
| Versus | Criminal Action Number  4:17-CR-006-HLM-WEJ |
| Brian Hernandez Acosta | |

## Preliminary Motion to Suppress Evidence

COMES NOW Brian Hernandez Acosta, by and through his undersigned counsel, and hereby moves to suppress the evidence obtained during the execution of search warrants. At the present time, counsel is aware of at least two search warrants for this case:

1) Warrant for the search of Mr. Hernandez Acosta's residence;

2) Warrant for the search of Mr. Hernandez Acosta's cellular phone.

At this time, the motion is preliminary, because additional discovery is sought as to the execution of these search warrants. Counsel is not sure that she already has received the search warrants. However, the Government's discovery does refer to the above two searches and warrants.

Authority

The Fourth Amendment to the United States Constitution provides:

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

United States Constitution, Amendment IV (adopted 1792). In order for a search warrant to properly issue for Mr. Hernandez Acosta's residence, the search warrant affidavit would have to demonstrate that there was probable cause for the issuance of the warrant. The information also must demonstrate a timely nexus between the location to be searched and the alleged contraband. The same is true for Mr. Hernandez Acosta's phone.

At this time, Mr. Hernandez Acosta seeks more information in order to perfect his challenges to the warrants listed above.

The right of a man to retreat into his own home and there be free from unreasonable government intrusion stands, "… at the very core of the Fourth Amendment." *Kyllo v. United States*, 533 U.S. 27 (2001). Evidence obtained in violation of the Fourth Amendment cannot be used

in a criminal proceeding against the victim of an illegal search or seizure. *Mapp v. Ohio*, 367 U.S. 643 (1961). This includes the fruit of such illegal conduct. *Wong Sun v. United States*, 371 U.S. 471 (1963). In *United States v. Barscaro*, 742 F.2d 1335 (11th Cir. 1984), the Eleventh Circuit noted that "it remains a fundamental principal of search and seizure law that information furnished in an application for a search warrant must be timely, and that probable cause must be found to exist 'at the time the warrant issues.'" *Bascaro* at 1345.

Probable cause exists when law enforcement officers gather particular facts that support a reasonable belief that a suspect has committed a crime. *Beck v. Ohio*, 379 U.S. 89 (1964). Further, "there must be a substantial basis to conclude that the instrumentalities of the crime will be discovered on the searched premises," *United States v. Lockett*, 674 F.2d 843 (11th Cir. 1982).

## CONCLUSION

WHEREFORE, for the reasons outlined above, we pray that the Court will allow counsel to further perfect this motion as regards the searches that were made pursuant to warrants and to seek further discovery if needed.

Respectfully submitted this 1st day of June, 2017.


*V. Natasha Perdew Silas*
Georgia Bar Number 571970
Attorney for Mr. Hernandez Acosta

FEDERAL DEFENDER PROGRAM, INC.
1500 CENTENNIAL TOWER
101 MARIETTA STREET, NW
ATLANTA, GEORGIA 30303
404-688-7530
NATASHA_SILAS@FD.ORG

## CERTIFICATE OF ELECTRONIC FILING

This is to certify that I have this day electronically filed the foregoing pleading on the ECF system. I expect that the system will perfect service upon the Government in the persons of Suzette Smikle and Dash Cooper.

This 1st day of June, 2017.

<u>*V. Natasha Perdew Silas*</u>